D. H. EVANS and WIFE, JULIA D., v. IMOGENE A. BEAUMONT, Administratrix, et al.

1. MARSHALING ASSETS. *Pecuniary legacy.* A general pecuniary legacy is payable, after debts are paid, out of the personal estate of testator. Real estate will not be charged, unless the intention to do so is expressly declared or clearly inferred from the language of the will.

2. SAME. *Same. Land bought in by administrator.* Land bought in by the personal representative in satisfaction of debts due the estate, is assets for the payment of debts and legacies in the hands of the personal representative.

FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

W. M. RANDOLPH for complainants.

T. B. TURLEY, WAT. STRONG and R. D. JORDAN for defendants.

DEADERICK, C. J., delivered the opinion of the court.

At April term, 1880, of this court, this cause was before us on appeal from the chancery court at Mem-

phis.    It was then decided that the complainant, Julia
D., was entitled to a legacy of $5,000 and interest
thereon, under the will of Claiborne DeLoach, deceased,
and a decree therefor was rendered April 28, 1880,
for $9,725, against Mrs. Beaumont, the administratrix
of DeLoach.

It was not decided whether the real estate devised
or descended to testator's heirs was chargeable with
the payment of said legacy, and the cause was re-
manded to the chancery court for further proceedings.
There the chancellor ordered a reference to the clerk
and master, to ascertain and . report what assets re-
mained in the hands of the administratrix, and what
property descended or passed to the heirs-at-law and
distributees of said testator, and amounts defendants
shall be required respectively to contribute to pay said
legacy, and any other fact involved in the suit at the
instance of either party.

The clerk and master reported a balance of $12,622.57
in the hands of the administratrix, and that it was
not necessary that the devisees or heirs of said testator
contribute any thing to pay the decree in favor of
complainant, Julia D.

Exceptions were taken by complainants and the
heirs of DeLoach, but none by the administratrix, to
the master's report.    Some, perhaps, on each side,
might have been properly sustained, but without, per-
haps, materially changing the result.    They were, how-
ever, all overruled by the chancellor, and the report
was confirmed, the chancellor holding that complainants
were obliged to look alone to the personal estate of

testator, which had or might come to the hands of the administratrix, for satisfaction of said legacy, and that they could not, in any event, look to the realty, and that the personalty unadministered was more than sufficient to pay said legacy, and rendered a decree therefor, including interest to date of decree, against Mrs. Beaumont, as administratrix and personally, for $10,357.12 and costs, and dismissed the bill as to said heirs-at-law.

From this decree the complainants and Mrs. Beaumont have appealed to this court. Soon after these appeals were taken, the complainants filed another bill, which, while against the same parties, and insisting upon the liability of the reality to pay the legacy, alleges, as a distinct ground of relief, that one Armstrong and one Veacht each was indebted to DeLoach at the time of his death, which indebtedness each had secured by deed of trust on his land; that these deeds of trust were foreclosed by sales of said two tracts of land, and that they were severally bought in by the administratrix in satisfaction of these debts. The bill alleges that the lands were surrendered by the administratrix to the heirs, and constitute a part of the assets of the estate liable to pay said legacy.

Demurrers were filed in this bill. One cause was that the realty bought by the administratrix with debts due the estate could not be reached; the other was that the realty belonging to testator at his death, including that held as a partner of E. M. Apperson, could not be subjected to payment of the legacy.

The first cause of demurrer was overruled and the

last sustained, and both sides appealed, and the Referees recommend that this bill be dismissed, and complainants except. The only part of this bill relied on is that which seeks to reach the land acquired since the death of testator by the use of his personal assets, and both bills have been heard together, although separately reported on by the Referees. The main question discussed is, whether the legacy is a charge upon the real estate of testator.

The first clause in the will simply directs that all his just debts be paid out of his property not hereby devised.

The second clause is a devise and bequest of a plantation and its appurtenances, in Arkansas, to his sister, Mrs. Sample, and several slaves named and described.

The third clause is as follows: "In case my estate is worth fifty thousand dollars at the time of my death, I give and bequeath to my niece, Julia D. Neely, five thousand dollars, to be held in trust by Thomas H. Allen, for her sole and separate use. * * And that said Allen, as trustee, shall invest and manage this fund for said niece during her life and for her children after her death, for their comfortable support," etc.

The fourth item is: "As to the residue of my estate, real and personal, I make no division, or special devise or bequest, except that I will that all of the estate, real and personal, that by descent or distribution, may, on my death, go to any of my daughters, shall vest in and be held by them to their sole and

separate use, free from the debts, contracts and liabilities of any husband she may marry, and that the same may be invested and managed by a suitable trustee for them, so as to secure them a comfortable support out of the profits, as far as possible."

The Referees recommend a reversal of the chancellor's decree in the original cause, and that a decree be pronounced here, declaring the said legacy a charge upon the real estate, and the heirs-at-law have excepted.

The testator's estate consisted, in round numbers, of about $60,000 in personal, and $40,000 in real estate, and he left surviving him a widow, the administratrix, two daughters and one son. His children and their representatives are in possession of most of the real estate left at his death.

The bequest to complainant, Julia, is a general one, upon condition that the estate of testator should be worth $50,000 at the time of his death. There is nothing in the clause containing the bequest, nor in any part of the will, indicating that the bequest should be paid out of any particular fund, nor from any other source than that prescribed by law for the payment of general pecuniary legacies.

The fourth clause of the will merely provides, in effect, that the residue of his estate shall go as provided by the laws of descent and distribution, with the qualification named as to the shares of the daughters.

It is argued that this last named clause should be construed, as if it read, "after the said legacy is paid," etc., which words, if interpolated, would be sufficient to constitute a charge upon the lands, treating said

fourth clause as a substantial direction as to their disposition.

A general pecuniary legacy is payable, after debts are paid, out of the personal estate of testator. His real estate will not be charged with the payment of legacies unless the intention to do so is expressly declared, or unless it may be clearly inferred from the language and dispositions of the will: 2 Lomax on Executors, 170, 171, citing 2 I. C. R., 614; 2 Perry on Trusts, sec. 568, *et seq.*

The personal estate must first be resorted to for payment of debts and legacies, unless clearly exonerated: 2 Williams on Executors, 1449, 1450.

And it appears in this case the larger part of the testator's estate consisted in personalty, and more than enough to pay the legacy of complainant, Julia, remained in the hands of the administratrix after the payment of debts, exclusive of the two tracts of land bought by the administratrix in satisfaction of debts due the estate.

Mrs. Beaumont's settlements show large balances against her as administratrix. She has not excepted to the master's report, nor does it appear that the proceeds of cotton and the rents with which she charges herself were not properly chargeable to her as assets, nor that the heirs-at-law ever made any claim to them.

Whether the fourth clause of the will is regarded as devising or bequeathing either real or personal estate, or simply recognizing the legal descent of land and personalty in the manner prescribed by law, can not affect complainant's right or remedy as to the

Evans and Wife *v.* Beaumont.

legacy. She must look to the personal estate shown to be in the hands of the administratrix, and to the two tracts of land purchased with the assets of the estate, if they are in the reach of complainants, as it does not appear what disposition has been made of said two tracts of land. But they were personal assets and liable to pay debts and legacies as such. The legatee's rights are subordinate to those of creditors, and assets remaining in the administratrix's hands, creditors could not reach the lands devised or descended to heirs, nor can a general legatee.

In the settlement of the partnership of E. M. Apperson and testator, the latter's share, after payment of debts, was $50,000; $30,000 of this sum was in real estate, and $20,000 in personal estate. More than the amount of the personal estate—about $22,500—was received by the administratrix and applied to the debts of the estate, and the residue of the $50,000 was received in real estate and proceeds thereof, and went to the heirs. This was a correct appropriation of this fund. If all the land had been sold by the surviving partner, and after payment of debts a surplus remained, the heirs, and not the administratrix, would have been entitled to the part going to their ancestor : 3 Meigs' Digest, page 1964, and cases cited.

The result is that the chancellor's decree, in the original case, No. 831, also numbered 4393, will be affirmed, and the report of the Referees set aside, and the costs of this court will be paid by appellants. In the last case, No. 923, also numbered 4293, the report of the Referees will be set aside, and the chan-

cellor's decree upon the demurrer to the bill will be affirmed, and both parties having appealed from said decree, the costs of this court will be paid, one-half by complainants and one-half by the defendants.

The causes will be remanded for answer to further proceedings in the bill last named, which will be heard with the original bill, decree having been granted by this court, by its decree of May 31, 1880, to either party to amend their pleadings. The last bill may be treated as an amendment, though not technically so.